Cite as 2022 Ark. 217

# SUPREME COURT OF ARKANSAS

No. CV–22–314

|  |  |
|---|---|
| | **Opinion Delivered** December 8, 2022 |
| CHRISTOPHER CURRAN<br>APPELLANT | APPEAL FROM THE ARKANSAS CLIENT SECURITY FUND COMMITTEE, AN ORIGINAL ACTION<br>[NO. CSF 2022-007] |
| V. | |
| ARKANSAS CLIENT SECURITY FUND COMMITTEE<br>APPELLEE | |
| | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Christopher Curran, appearing pro se, appeals from a decision of the Arkansas Client Security Fund Committee (Committee).[1] For reversal, Curran argues that the Committee erred in denying his application for the reimbursement of client funds. We affirm.

---

[1] We treat appeals from the Arkansas Client Security Fund Committee as an original action. *See Healthcare Recoveries, Inc. as Agent for United Healthcare of Ark. v. Ark. Client Security Fund*, 363 Ark. 102, 211 S.W.3d 512 (2005); *see also Oliver v. Ligon*, 2020 Ark. 122, 595 S.W.3d 365 (treating an appeal from the Arkansas Committee on Professional Conduct as an original action). They are original actions because of their initial–filing designation; however, our jurisdiction and review are appellate.

## I. *Facts*

In February 2017, Curran was criminally charged and hired then-attorney Thomas Wilson to represent him in his criminal proceedings. Curran paid Wilson $2500 in cash for his services. Wilson requested numerous continuances in Curran's case before requesting that Curran undergo a forensic examination. According to Wilson, Curran became uncooperative, and Wilson stated that he could no longer assist in Curran's representation. On July 30, 2018, the public defender's office filed an entry of appearance to represent Curran. Ultimately, Curran pleaded guilty to second-degree sexual assault and is currently incarcerated in the Arkansas Department of Correction.

With regard to Wilson, he became licensed to practice law in September 1997. On March 3, 2021, he entered a guilty plea to one count of second-degree forgery, in violation of Arkansas Code Annotated section 5-37-201 (Repl. 2013), and the Conway County Circuit Court entered a judgment of conviction against him. On June 14, 2021, he petitioned this court to surrender his license, and on July 22, 2021, we granted his petition for surrender of license with direction to our clerk to remove his name from the registry of attorneys licensed to practice law in the State of Arkansas.

On February 11, 2022, Curran filed an application for relief from the Arkansas Client Security Fund seeking $2500 in reimbursement from Wilson. In his supporting affidavit, Curran alleged that Wilson "didn't show up for my court dates after I retained his services[.] Therefore I had to relieve him, and use a public defender and was coerced to sign a plea which resulted in my incarceration." Curran stated that he had paid $2500 in cash to Wilson before his court dates and that he had attempted to contact Wilson in an effort to collect his

claim. Wilson responded in a letter to the Committee that he provided services to Curran and "attempted to investigate his story and the charges against him." According to Wilson, he spent approximately ten hours of services, "including travel and office time[.]" On March 30, 2022, the Committee notified Curran by letter that it had denied his claim. He timely filed his appeal to this court.

## II. *Timeliness of Curran's Application*

For the sole point on appeal, Curran argues that the Committee erred in denying his application for the reimbursement of funds. The Committee responds that this court should affirm its decision to deny Curran's application because his application was untimely.

The purpose of the Client Security Fund is to protect clients from losses caused by the dishonest conduct of an attorney. *Jewell v. Fletcher*, 2010 Ark. 195, at 22, 377 S.W.3d 176, 190. Under the Rules of the Client Security Fund Committee, a claim may be made with the Committee under the following circumstances:

> A. The loss must be caused by the dishonest conduct of the lawyer and shall have arisen out of and by reason of a lawyer-client relationship or a fiduciary relationship between the lawyer and the claimant.
>
> B. *The claim shall have been filed no later than three years after the claimant knew or should have known of the dishonest conduct of the lawyer.*
>
> C. As used herein, "dishonest conduct" means wrongful acts committed by a lawyer in the nature of theft or embezzlement of money or the wrongful taking or conversion of money, property, or other things of value. A dispute over the reasonableness of a lawyer's fee is not an eligible claim.

Client Sec. Fund Comm. R. 4(A)–(C) (emphasis added). We have held that there is a right of appeal from a decision of the Client Security Fund Committee, although the Rules do

3

not expressly provide for such a right. *Healthcare Recoveries, Inc.*, 363 Ark. at 106, 211 S.W.3d at 515.

Appeals from the Committee's decisions should be treated procedurally like appeals from the Committee on Professional Conduct. *See, e.g.*, *Nosal v. Neal*, 318 Ark. 727, 729, 888 S.W.2d 634, 635 (1994). We have stated that, in those cases, we review the Committee's decisions de novo on the record. *Oliver*, 2020 Ark. 122, at 3, 595 S.W.3d at 366. We will affirm the Committee's actions unless they are clearly erroneous. *Id.*, 595 S.W.3d at 366. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.*, 595 S.W.3d at 366.

In this instance, we are unable to reach the merits of Curran's argument because his application to the Committee was untimely. Pursuant to Rule 4(B) of the Rules of the Client Security Fund Committee, Curran had three years to file a claim with the Committee. Here, Curran indicated on his application that he knew or should have known of any alleged dishonest conduct on Wilson's part in October 2018. But Curran did not file an application with the Committee until February 11, 2022. At that time, approximately three and a half years had elapsed between October 2018 and February 2022. Thus, we conclude that Curran's application was not filed within the three-year time frame set forth in Rule 4(B). Based on our standard of review, we hold that his application to the Committee was untimely. Accordingly, we affirm the Committee's decision to deny Curran's application for relief. We therefore decline to reach Curran's remaining arguments.

Affirmed.

*Christopher Curran*, pro se appellant.

*Caroline Bednar*, Office of Professional Conduct, for appellee.